OPINION AND JUDGMENT ENTRY
This is a consolidated appeal from a judgment of the Lucas County Court of Common Pleas which sentenced appellant to serve a total of ten years of incarceration after appellant pled guilty to one count of burglary, one count of escape, and one count of failure to appear after being released on his own recognizance. For the reasons that follow, we affirm the judgment of the trial court.
Appellant, Timothy Ronau, sets forth the following as his sole assignment of error on appeal:
 "THE TRIAL COURT ERRED IN IMPOSING THE MAXIMUM SENTENCE IN CASE NUMBERS CR 97-3102, BURGLARY, A FELONY OF THE THIRD DEGREE, CR 97-3272, ESCAPE, A FELONY OF THE THIRD DEGREE, AND CR 98-1307 O.R. VIOLATION, A FELONY OF THE THIRD DEGREE."
On October 27, 1997, the Lucas County Grand Jury ("grand jury") indicted appellant on one count of burglary, in violation of R.C. 2911.12(A)(3), a third degree felony. On October 31, 1997, appellant entered a plea of not guilty and was released on his own recognizance ("O.R. bond"), on the condition that he wear an electronic monitoring device. On November 13, 1997, at a pretrial hearing, appellant made an oral motion to discontinue the electronic monitoring device, which the court denied. Shortly thereafter, appellant removed the monitoring device and fled the state of Ohio. On November 20, 1997, the grand jury indicted appellant on one count of escape, in violation of R.C. 2921.34(A) and R.C. 2921.34(C)(2)(b), a third degree felony.
Not long after he left the state of Ohio, appellant was arrested in New Mexico for attempting to steal a Winnebago camper from two men at gun point. As a result, appellant was convicted of false imprisonment and aggravated assault by a New Mexico jury, and was sentenced to serve three hundred sixty-four days in prison. After his release from prison in New Mexico, appellant was extradited back to Lucas County and, on February 13, 1998, appellant was indicted on the additional charge of violating his O.R. bond in violation of R.C. 2937.29 and R.C. 2937.99(A), a third degree felony.
On October 8, 1998, appellant pled guilty to all three charges. On October 29, 1998, in each of three separate judgment entries, the trial court made the following relevant findings:
 "The Court has considered the record, oral statements, any victim impact statement and presentence report prepared, as well as the principles and purposes of sentencing under R.C. 2929.11, and has balanced the seriousness and recidivism factors under R.C. 2929.12
"* * *
 "The Court finds pursuant to R.C. 2929.14(B) that the shortest prison term possible will demean the seriousness of the offense AND will not adequately protect the public and therefore imposes a greater term."
The court further found that appellant committed the worst form of each of the offenses, and poses "the greatest likelihood of recidivism."
Ultimately, the trial court sentenced appellant to serve five years in prison for burglary, to be served consecutively to two concurrent five-year sentences appellant was ordered to serve for the escape and for violating his O.R. bond. On November 25, 1998, a timely notice of appeal was filed from all three sentences and, on February 19, 1999, all three cases were consolidated for purposes of this appeal.
Appellant asserts in his sole assignment of error that the trial court erred by sentencing him to serve the maximum term of imprisonment for each of his three crimes. The overriding purpose of the felony sentencing statutes are to "protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(A). Accordingly, the court's sentence should be reasonably calculated to achieve these purposes, and the sentence should be commensurate with the seriousness of the offender's conduct and its impact upon the victim. R.C. 2929.11(B).
Pursuant to R.C. 2929.12(A), the trial court has discretion to determine the most effective way to comply with the principles and purposes of sentencing set forth in R.C. 2929.11. In so doing, however, the court must consider the factors set forth in R.C. 2929.12(B) and (C), which relate to the seriousness of the defendant's conduct, and those factors set forth in R.C.2929.12(D) and (E), which relate to the likelihood that the defendant will commit future crimes.
In addition to the above, R.C. 2929.14(B) provides that the court must impose the shortest prison term authorized on a first-time offender, unless it finds on the record that to do so would demean the seriousness of the offense, or alternatively, that such a term, "will not adequately protect the public from future crime by the offender or others." Finally, the court's discretion to impose the maximum sentence in any felony case is limited by R.C. 2929.14(C) which states, in relevant part:
 "* * * the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense * * * only upon offenders who committed the worst forms of the offense, [and] upon offenders who pose the greatest likelihood of committing future crimes * * *."
Although the court need not always use the "magic words" of the statute, substantial compliance is required. See State v.Estrada (Sept. 18, 1998), Sandusky App. No. S-98-006, unreported. Substantial compliance may be found where there are sufficient findings on the record to support the trial court's sentence. Id.; State v. Cruz (Feb. 27, 1998), Fulton App. No. F-97-023, unreported. See also, State v. Edmonson (1999), 86 Ohio St.3d 324, at the syllabus.
In this case, at the outset of the sentencing hearing, the trial court stated that it had reviewed appellant's pre-sentence report and a report from the New Mexico court. Thereafter, testimony was presented at the hearing by appellant and two of the victims, Steven Adamski, and his daughter, Tricia Adamski.
Appellant testified that when he broke into the victims' home he was under the influence of drugs. Appellant further stated that he was "truly sorry" for his actions, which included stealing jewelry from the victims' home and beating the family dog, Buck, so severely that the dog had to be euthanized.
Tricia Adamski testified as to Buck's suffering before his death, and stated that appellant should get the "maximum" sentence for his crimes. Steven Adamski testified that his wife has suffered emotional trauma from the loss of her jewelry, which had great sentimental value, and he, his wife and his children still mourn the loss of the family dog.
At the close of all the testimony, the trial court noted for the record that appellant, who had no prior juvenile criminal record, had committed only one third degree felony and had been released on his own recognizance, with the approval of the Adamski family, before he chose to remove the electronic monitoring device, flee from Ohio, and commit crimes in New Mexico. The court further stated that appellant's decision to burglarize the Adamski home was calculated, in that appellant watched the residence from outside before entering, and appellant and an accomplice wore plastic gloves and boots during the burglary, which they later destroyed.
The court stated that appellant admitted to the daily consumption of cocaine, marijuana, alcohol and LSD for four years preceding the burglary; however, appellant stated to his probation officer that he did not need treatment because it was "easy" for him to refuse drugs. The court noted that appellant felt "sorry" for beating Buck, the Adamski's dog, but stated that appellant beat Buck with a crowbar because Buck barked at him while the burglary was taking place.
After stating the nature of appellant's crimes in New Mexico, the court commented that appellant clearly values his freedom and "hedonistic lifestyle" more than the law in either Ohio or New Mexico, and that he would do "whatever is necessary," including committing crimes, to accomplish his goals. As to the requirements of R.C. 2929.12(B), the court stated that the victims in this case, after taking into consideration the items stolen and Buck's death, suffered serious economic harm and serious physical, psychiatric and emotional harm from the violation of the sanctity of their home. The court stated that appellant's relationship to the victims was also a factor, since appellant had been watching the outside of the home before entering it unlawfully. The court further found, pursuant to R.C. 2929.12(D), that recidivism is highly likely in this particular case.
In addition to the above, the court noted that alcohol and/or drug abuse was related to the offenses charged, and that appellant clearly does not acknowledge the pattern of his drug abuse, or thinks that he needs treatment and shows no genuine remorse for his crimes, including killing the victims' dog. Finally, before sentencing appellant, the court stated:
 "under all of [the above] matters, * * * that as it relates to a minimum sentence for a first time offender the court finds pursuant to 2929.14(B) as to each of those offenses: escape, burglary, and OR bond violation, that the shortest prison period possible will demean the seriousness of the offense and will not adequately protect the public and therefore imposes a greater term. We also note as to each of these offenses that we impose the maximum term under 2929.14(C) because we find that it has been committed as the worst form of the offense. What more [sic] better reason to follow rules when being placed under supervised OR bond and electronic monitoring then [sic] to stay within the jurisdiction, but you flee, you commit two very very serious felonies in other states and we then are caused to extradite you to bring you back. We also note the facts that the Court has recited are relating to the offense itself. The prior calculation and design, the violence in and outside of the house clearly warrant the maximum term under 2929.14(C) and therefore we impose the following sentences. * * *"
This court has reviewed the entire record of proceedings before the trial court and, upon consideration thereof and the law, finds that the trial court clearly used the appropriate "magic words" in its judgment entry, and the record contains sufficient evidence to support the trial court's decision to impose the maximum sentence on appellant. Accordingly, appellant's assignment of error is not well-taken.
The judgment of the Lucas County Court of Common Pleas is hereby affirmed. Court costs of these proceedings are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ Melvin L. Resnick, J.
 _______________________________ James R. Sherck, J.
 _______________________________ Richard W. Knepper, J.
CONCUR.